UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARDELL NELSON JOINER, Jr.,<br><br>                               Petitioner,<br><br>v.<br><br>JOHN SUTTON, Warden,<br><br>                               Respondent. | Case No.:  16cv2841 GPC (BGS)<br><br>**(1) ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR THE COURT TO TAKE INTO SUBMISSION THE HABEAS PETITION [ECF NO. 5]; AND**<br><br>**(2) ORDER GRANTING RESPONDENT'S APPLICATION FOR ENLARGEMENT OF TIME TO FILE RESPONSE [ECF NO. 12]** |

      Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.)  Due to Respondent's failure to file a Notice of Appearance, motion to dismiss or answer pursuant to the Court's December 2, 2016 Order (ECF No. 3), Petitioner filed an Ex Parte Application for the Court to Take Into Submission the Habeas Petition requesting that the Court take the Petition into submission without a response from Respondent and grant the relief sought. (ECF No. 5.)  The Court issued an Order to Show Cause on February 21, 2017 requiring

Respondent to demonstrate why sanctions should not be imposed due to his failure to comply with Court deadlines. (ECF No. 6).

On March 6, 2017, Respondent timely responded to the Order to Show Cause and explained that administrative error caused his inadvertent failure to file a timely response to the Petition. (ECF No. 10.) Petitioner maintains on reply that the Court should "proceed directly to the merits of the [habeas] petition" without any response from Respondent. (ECF No. 13.) Additionally, Respondent now requests an enlargement of time to respond to the Petition due to a delay in receiving five requested state habeas petitions from San Diego County Superior Court. (ECF No. 12.)

While the Court in no way condones Respondent's tardiness, it must keep in mind that a "sanction should be proportionate to the wrong." *See Vernon v. Lamarque*, No. CIV S-08-1499 MCE EFB P, 2010 WL 670680, at *1-2 (E.D. Cal. Feb. 19, 2010). Here, Respondent timely responded to the Order to Show cause and has explained the basis for his inadvertent failure to comply with the Court's order. Further, he has demonstrated that a response to the Petition is forthcoming. (*See* ECF No. 12.) Thus, good cause appearing, Respondent's application for an enlargement of time is **GRANTED** and Petitioner's ex parte application for the Court to take the Petition into submission is **DENIED**.

A response to the Petition must be filed **on or before May 4, 2017**. If Respondent files a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases, Petitioner must file his opposition, if any, to the motion **no later than June 5, 2017**. Respondent must not file a reply to Petitioner's opposition. If Respondent files an answer to the Petition pursuant to Rule 5 of the Rules Governing § 2254 Cases, Petitioner may file a traverse to matters raised in the answer **no later than June 5, 2017**. No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

**IT IS SO ORDERED.**

Dated: March 22, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge