UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARDELL NELSON JOINER, Jr., Pro Se,<br><br>                           Petitioner,<br><br>v.<br><br>JOHN SUTTON, Warden,<br><br>                           Respondent. | Case No.: 3:16-cv-02841-GPC-BGS<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |

On March 26, 2018, this Court entered judgment dismissing the Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and denying his request for an evidentiary hearing and a certificate of appealability. (ECF No. 28.) On November 5, 2018 the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (ECF No. 32.) On December 21, 2018, that Court denied Petitioner's motion for reconsideration en banc, and indicated that no further filings would be entertained in the closed case. (ECF No. 33.)

On April 16, 2020, Petitioner filed the instant motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 35.) Petitioner contends that relief is justified because this Court erred in its Order dismissing the Petition and denying

his request for an evidentiary hearing prior to entering judgment. (*Id.* at 1, 5–6.) For the following reasons, the Court denies relief from judgment on the basis that the Court is required to construe Petitioner's Rule 60(b) motion as a second or successive petition over which this Court lacks jurisdiction.

## I.   DISCUSSION

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment based on:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Petitioner has requested relief only under Rule 60(b)(1) and 60(b)(2). (*See* ECF No. 35.)[1] Petitioner contends that relief is justified because this Court erred in finding this case suitable for disposition without conducting an evidentiary hearing, arguing that the lack of an evidentiary hearing assessing "new evidence [presented by Petitioner] invalidating the time of death evidence," (*Id.* at 5,) impaired this Court's ability to

---

[1] Petitioner does not specify the subsection of Rule 60(b) on which he relies. Based on the content of his motion, the Court assumes Petitioner relies on Rule 60(b)(1) and 60(b)(2).

2

adequately "assess the probative force of the [P]etitioner's evidence." (*Id.* at 4 (citing *Schlup v. Delo*, 513 U.S. 298, 331–32 (1995).)

Rule 60(b) applies to federal habeas proceedings "only to the extent that it is not inconsistent with applicable federal statutory provisions and rules" such as the AEDPA. *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (internal brackets and ellipsis omitted). The AEDPA precludes a successive habeas petition unless it relies "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or on newly discovered facts that show a high probability of actual innocence. *Id.* at 834. (quotation omitted). "Because of the difficulty of meeting this standard, habeas corpus petitioners at times have characterized their second or successive habeas corpus petitions as Rule 60(b) motions." *Id.* at 833. A Rule 60(b) motion constitutes a successive habeas petition where it advances a new ground for relief or "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (emphasis in original). A Rule 60(b) motion does not constitute a successive habeas petition if petitioner "merely asserts that a previous ruling which precluded a merits determination was in error[, including,] for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4.

Thus, this Court must first determine whether Petitioner's Rule 60(b) motion is in effect a second or successive habeas petition. *Id.* at 530–32. If Petitioner's Rule 60(b) motion is the equivalent of a second or successive petition, this Court lacks jurisdiction to consider the motion absent a certificate from the Ninth Circuit authorizing the filing of the petition. *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011); 28 U.S.C. § 2244(b)(1). The Court must treat a Rule 60(b) motion as a second or successive petition if it merely attempts to relitigate this Court's determination on the merits of the claims. *See Washington*, 653 F.3d at 1063 (citing *Gonzalez*, 545 U.S. at 530–32) (describing, as

examples of a Rule 60(b) motion which must be treated as a successive petition, a motion asserting that owing to "excusable neglect" the movant's habeas petition had omitted a claim of constitutional error, a motion seeking to add a new ground for relief, and a motion attacking the court's prior resolution of a claim on the merits).

Petitioner's prior federal petition was denied on the ground that it was barred by the one-year period of limitation contained in section 2244(d). "Although a dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive." *White v. Adams*, No. CV-09-2197-R-AJW, 2009 WL 1309368, at *2 (C.D. Cal. May 11, 2009) (citing *Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003)); s*ee, e.g.*, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of petition as barred by statute of limitations "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)"); *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("As with habeas petitions that are denied as procedurally barred or pursuant to *Stone [ v. Powell*, 428 U.S. 465, 494 (1976)], the dismissal of a § 2255 petition as untimely under AEDPA presents a 'permanent and incurable' bar to federal review of the merits of the claim."); *Cate v. Ayers*, 2001 WL 1729214, *4 (E.D.Cal.2001) (stating that "the law is clear that a dismissal on statute of limitations grounds . . . operates as a final judgment on the merits," and holding that a federal petition was successive).

Petitioner's Rule 60(b) motion merely seeks to relitigate claims presented in the Petition which were denied "on the merits" by this Court, and to relitigate his related motions to develop the record. Thus, this Court lacks jurisdiction to consider the Rule 60(b) motion because Petitioner has not received permission from the Ninth Circuit to

4

file a second or successive petition in this Court. *Gonzalez*, 545 U.S. at 530-32; *Washington*, 653 F.3d at 1063.

Petitioner's argument that the Court erred in dismissing the Petition without first conducting an evidentiary hearing is, moreover, without merit because the Court specifically found that an evidentiary hearing was not necessary for disposition of this matter. *See* ECF No. 28 at 30 ("[T]he Court finds that Joiner has failed to show what an evidentiary hearing might reveal of material import to his assertion of actual innocence."); *see also Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003); *Smith v. McCormick*, 914 F.2d 1153, 1170 (9th Cir. 1990). Consequently, to the extent the Court has jurisdiction to address that aspect of the Rule 60(b) motion, it is denied. jurisdiction.

## II. DISCUSSION

The Court **DENIES** Petitioner's Rule 60(b) motion for relief from judgment for the reasons set forth above. The denial is without prejudice to Petitioner to file a second or successive petition in this Court if he obtains permission from the Ninth Circuit Court of Appeals. The Court **DECLINES** to issue a certificate of appealability with respect to the denial of Petitioner's Rule 60(b) Motion.

**IT IS SO ORDERED.**

Dated: August 31, 2020

Hon. Gonzalo P. Curiel
United States District Judge